## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WASIK TANEEM,**

**Petitioner,**

**v.**                                                         **CASE NO. 25-3128-JWL**

**JEFF EASTER,**

**Respondent.**

### <u>NOTICE AND ORDER TO SHOW CAUSE</u>

This is a pro se petition for writ of habeas corpus filed  pursuant to 28 U.S.C. § 2241 by Petitioner Wasik Taneem, a pretrial detainee being held at the Sedgwick County Adult Detention Center in Wichita, Kansas. For the reasons set forth below, Petitioner will be required to show good cause, in writing, why this action should not be dismissed under the abstention doctrine set out in *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37, 46 (1971).

### Rule 4 Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to

include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## The Petition (Doc. 1)

Petitioner asserts two grounds for relief. In Ground One, he asserts that his Fifth, Eighth, and Fourteenth Amendment rights are being violated by a setting of excessive bail. (Doc. 1, p. 6.) As supporting facts for Ground One, Petitioner states, "lost wages, lost property [and] not being given proper medical care resulting in possible loss of life (see attached 'motion to dismiss'). [*sic*]" *Id.* In Ground Two, Petitioner asserts the denial of his Fifth, Sixth, and Fourteenth Amendment rights to "counsel of choice," to due process with respect to the withdrawal by previous counsel, and to a speedy trial. *Id.* As supporting facts for Ground Two, Petitioner asserts that for over 15 months, the state district court has denied him his "right to counsel of choice." *Id.* As relief, Petitioner seeks an order that he be allowed to bond out on all of his pending cases for a total bond of $100,000.00. *Id.* at 7. In the alternative, Plaintiff asks this Court to dismiss with prejudice all of the charges currently pending against him in state court. *Id.*

## Analysis

The Court first notes that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). "[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). However, requests for pretrial habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918). The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited

circumstances in which such intervention might be proper, such as when the person is in custody for an allegedly criminal act that was required by federal law or federal court order, when the person is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Ex Parte Royall*, 117 U.S. at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that a federal court generally should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations

of bad faith or harassment.'" *Id.*

More recently, the Tenth Circuit explained that "*Younger* and *Ex parte Royall* are related doctrines." Both "are based upon 'comity, that is, a proper respect for state functions'" and

> stand for "the requirement that special circumstances must exist before the federal
> courts exercise their habeas corpus, injunctive, or declaratory judgment powers to
> stop state criminal proceedings." *Younger* addressed a federal court's equitable
> power to issue an injunction enjoining state proceedings, while *Ex parte Royall* . .
> . involved a request for habeas relief.

*Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)). Liberally construing the petition now before this Court, Petitioner requests relief that implicates both *Younger* and *Ex parte Royall*:   he asks the Court to order his immediate release, which is habeas relief, and/or to end the prosecutions against him, which is injunctive relief.

Anticipating the application of *Younger* to this action, Petitioner has preemptively submitted argument on this point. (Doc. 1, p. 9.) He first points out the habeas exhaustion requirement and exceptions to that requirement, as stated in 28 U.S.C. § 2254(b). *Id.* That statute provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that—
>> (A) the applicant has exhausted the remedies available in the courts of the
>> State; or
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights
>> of the applicant.

28 U.S.C. § 2254(b). Petitioner asserts that in light of this statute, the abstention required by the *Younger* doctrine "may be excused if good cause is shown." (Doc. 1, p. 9.) He then contends that "[r]elease from pretrial detention is a timely matter and habeas corpus is an appropriate remedy for it," citing *State v. Smith*, 264 Kan. 348 (1998). (Doc. 1, p. 9.)

Although understandable, Petitioner's treatment of the exhaustion requirement set out in § 2254(b)(1)(A) as interchangeable with the abstention doctrines set out in *Younger* and *Ex parte Royall* is incorrect. Both support a policy of federal-state comity, but they are distinct concepts. *See Robinson v. Rice*, 772 Fed. Appx. 690, 692 n.3 (10th Cir. 2019) ("Because we hold that the petition was correctly dismissed on exhaustion grounds, we need not address the district court's alternative holding that *Younger* abstention is warranted."). Generally speaking, the abstention doctrines under *Younger* and *Ex parte Royall* address when federal courts should intervene in ongoing state-court criminal proceedings, while the exhaustion requirement ensures that state appellate courts have the first opportunity to decide federal constitutional challenges to those proceedings, even when the criminal proceedings are final.

Different circumstances must occur for dismissal under the abstention doctrines and dismissal for failure to exhaust. The circumstances in which *Younger* and/or *Ex parte Royall* require abstention are set forth above and, generally speaking, involve ongoing criminal proceedings and/or pretrial detention. Exhaustion, on the other hand, is the requirement that before a state prisoner seeks federal habeas relief based on constitutional violations during his or her criminal proceedings, he or she must fairly present those same federal constitutional arguments to the state appellate courts. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (stating that, in general, to satisfy the exhaustion requirement, the federal claims in a federal habeas petition must have been fairly presented to the state appellate courts); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies.").

Moreover, as set forth above, there are certain extraordinary circumstances that warrant

declining to abstain under *Younger* or *Ex parte Royall*. In contrast, exceptions to the exhaustion requirement may be made if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief," *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); "if none of the petitioner's claims has any merits," *see Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009); or when "the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition," *see Goodwin v. Okla.*, 923 F.2d 156, 157 (10th Cir. 1991). Only if a claim has not been fairly presented to the state courts and no avenues remain by which the petitioner could do so does the Court turn to whether there was "cause for the default and actual prejudice as a result of the alleged violation of federal law." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

That is not to say, however, that exhaustion and abstention are not related concepts. At times, they must be considered together. At this point, the Court must determine whether it is required to abstain from considering Petitioner's claims. The Court has carefully considered the petition and the documents attached thereto and, even liberally construing the pro se pleading, the Court finds that Petitioner does not allege that he has been criminally charged for acts done under the authority of a federal law or foreign government or that his case involves foreign relations, as would remove the case from the circumstances recognized in *Ex parte Royall* as requiring abstention.

Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in state court. The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, *see In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007); and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in

the district court or, if necessary, on appeal or in further proceedings, *see Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993).

Regarding his ability to present his claims in state court, Petitioner argues that he is unable to seek state habeas relief under K.S.A. 60-1501 because that statute is not specific about the steps he must take to obtain such relief and jail staff has been unable to locate guidelines or forms for filing a K.S.A. 60-1501 motion. (Doc. 1, p. 9.) Petitioner further states that the Sedgwick County District Court has terminated his communication privileges, so he is unable to contact a civil attorney to assist him in seeking state habeas relief. *Id.* He informs this Court that he has repeatedly asked the state district court to reinstate his communication privileges, but his requests have been denied, so he now seeks federal habeas relief. *Id.*

The records of the Sedgwick County District Court reflect that an order issued on February 14, 2025, in the ongoing criminal cases against Petitioner modified the communication restrictions to allow Petitioner to communicate via email with his father in addition to his attorney and his attorney's investigators. *See* Sedgwick County District Court Case No. SG-2024-CR-002016. Moreover, Petitioner's filing of this federal habeas action suggests that he is able to mail documents to courts. It is reasonable to believe that Petitioner has the ability, whether via mail to state courts or via email to his father, to pursue additional information regarding how to pursue state habeas relief on his excessive-bail claim. Therefore, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Sedgwick County.

There is, however, an exception to *Younger* that may apply here. The Tenth Circuit has explained that *Younger* does not require abstention when "the prosecution was '(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related

to any other such extraordinary circumstance creating a threat of "irreparable injury" both great and immediate.' *Phelps*[, 59 F.3d at 1063-64]." *Winn v. Cook*, 945 F.3d 1253, 1258-59 (10th Cir. 2019). There are two situations in which a defendant would suffer irreparable injury of the sort contemplated in the third exception: "(1) when the defendant's trial is being delayed in violation of the constitutional right to a speedy trial, and (2) when the current trial would violate the Double Jeopardy Clause." *Id.* at 1260.

Liberally construed, the petition asserts that the State is violating Petitioner's speedy trial rights. "A criminal defendant may bring a pre-trial habeas action in federal court pursuant to 2241 to 'demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial.'" *Green v. Simonet*, 1994 WL 83299, at *1 (10th Cir. 1994) (unpublished) (quoting *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 489-90 (1973)). The Tenth Circuit in *Winn* examined the significance of *Braden* to the *Younger* irreparable-injury exception. *See Winn*, 945 F.3d at 1261.

In *Braden*, the Supreme Court upheld the federal district court's order that the State bring the defendant to trial or release him. *Id.* (citing *Braden*, 410 U.S. at 486). However, the Supreme Court distinguished between a request for an order that the defendant be brought to trial and a request that the state court charges be dismissed. *Id*. A defendant does not face irreparable injury when he seeks dismissal of the charges, and only faces irreparable harm when he seeks an order to be brought to trial. *Id*. at 1261. Because Petitioner seeks only his release in this matter, whether on a bond in the amount of his choosing or due to the dismissal of all charges pending against him, he does not fit within this exception to the *Younger* abstention requirement.

Petitioner also argues that there is no point in wasting judicial resources and taxpayer money to prosecute or incarcerate him "when no reasonable judge . . . would ever affirm his

convictions" due to the prejudice against him "in every step of the way" during the criminal proceedings. (Doc. 1, p. 10-11.) He contends that to require him to follow the normal criminal procedures "just because of a doctrine" would prolong his suffering and condone the violation of his constitutional rights. *Id.* Finally, Petitioner presents arguments on the merits of his claims. *Id.* at 10-12. But none of these arguments affect whether this Court is required by *Younger* or *Ex parte Royall* to abstain from hearing this case.

The questions before this Court are whether the circumstances now before it trigger the abstention doctrines established by the United States Supreme Court, which they do, and whether any of the exceptions to those doctrines exist in Petitioner's case, which they do not. Therefore, *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Sedgwick County. Petitioner is granted time in which to present, in writing and in one submission to the Court, additional argument regarding why this matter should not be dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including August 15, 2025, to show cause why this matter should not be dismissed without prejudice for the reasons set forth in this order.

**IT IS SO ORDERED.**

DATED:   This 14th day of July, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

9