IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WASIK TANEEM,

                Petitioner,

v.                                            CASE NO. 25-3128-JWL

JEFF EASTER,

                Respondent.

**MEMORANDUM AND ORDER**

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Wasik Taneem, a Kansas pretrial detainee being held at the Sedgwick County Adult Detention Center (SCADC) in Wichita, Kansas. (Doc. 1.) Petitioner is facing criminal charges in six cases pending in Sedgwick County District Court. (Doc. 1-1, p. 1.) Petitioner claims his constitutional rights are being violated by the state district court (1) setting excessive bail that totals $4,750,00.00 for all six cases, (2) denying him his right to retain counsel of his choice, (3) denying him due process during the withdrawal of previous counsel, and (4) denying him a speedy trial. (Doc. 1, p. 6-7; Doc. 1-1, p. 12.) As relief, Petitioner seeks an order setting a $100,000.00 umbrella bond that covers all the pending state criminal cases or, in the alternative, an order dismissing all charges pending in those cases. (Doc. 1, p. 7.)

The Court began the required review of the petition and, on July 14, 2025, issued a notice and order to show cause (NOSC) explaining that it appears that this matter must be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886). (Doc. 2, p. 2-3, 9.) *Ex parte Royall* described very limited circumstances in which a federal court might discharge a person being held by a state for trial on a state crime. *Id.* at 2-3 (citing *Ex parte Royall*, 117 U.S. at 251-52). "Under *Younger*, federal

courts must abstain when '(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges.'" (Doc. 2, p. 3 (quoting *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)).)

The NOSC also addressed the preemptive argument Petitioner included in his petition regarding why the *Younger* abstention doctrine should not apply here. (Doc. 2, p. 4-6.) Petitioner argued that he did not have the ability to present his federal constitutional challenges in state court for two reasons. First, Petitioner argued that he would need to present his claims under K.S.A. 60-1501, but K.S.A. 60-1501 is not specific about the steps required to obtain habeas relief pursuant to that statute and SCADC staff were unable to locate any guidelines or forms related to filing a K.S.A. 60-1501 motion. Second, Petitioner argued that the Sedgwick County District Court terminated his ability to communicate with anyone outside the jail facility other than his criminal attorney and has refused to reinstate his communication privileges, so he cannot contact a civil attorney or anyone else to help him navigate filing a K.S.A. 60-1501 motion.

The Court construed this argument to assert that the third *Younger* circumstance—that "the state proceedings afford an adequate opportunity to present the federal constitutional challenges"—does not exist here. (Doc. 2, p. 7.) It noted in the NOSC:

> The records of the Sedgwick County District Court reflect that an order issued on February 14, 2025, in the ongoing criminal cases against Petitioner modified the communication restrictions to allow Petitioner to communicate via email with his father in addition to his attorney and his attorney's investigators. *See* Sedgwick County District Court Case No. SG-2024-CR-002016. Moreover, Petitioner's filing of this federal habeas action suggests that he is able to mail documents to courts. It is reasonable to believe that Petitioner has the ability, whether via mail to state courts or via email to his father, to pursue additional information regarding how to pursue state habeas relief on his excessive-bail claim. Therefore, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Sedgwick County.

*Id.*

The Court further noted that the petition filed in this matter briefly mentioned a speedy trial violation. State criminal defendants "may bring a pre-trial habeas action in federal court pursuant to 2241 to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *Id.* at 8 (citations and internal quotation marks omitted). Because Petitioner does not seek to compel the State to bring him to trial, though, the Court concluded that this action does not fit within this exception to *Younger* and *Ex parte Royall*. *Id.* The Court granted Petitioner time in which to show cause why this matter should not be dismissed without prejudice under those doctrines. *Id.* at 9.

Petitioner timely filed his response to the NOSC. (Doc. 3.) In his response, he first corrects the Court's misunderstanding that he currently is allowed to communicate with his father. *Id.* at 1. As Petitioner points out, the February 14, 2025, order that allowed such communication was reversed in an order issued February 24, 2025, that stated only "Court suspends [Defendant's] email access to his father pending further argument on the issue." *See* (Doc. 3, p. 1-2); Sedgwick County District Court Case No. SG-2-24-CR-002016. There is no indication in the publicly available records of the state district court that Petitioner currently is allowed to communicate with anyone other than his criminal attorney, perhaps his attorney's investigator, and federal and state courts. The Court will reconsider the application of *Younger* in light of this information.

Relatedly, Petitioner addresses in his response his ability to send mail to the state courts to raise his federal constitutional claims. Petitioner explains that he has reached out to the Sedgwick County District Court seeking guidance on the process for seeking state habeas relief. (Doc. 3, p. 2.) The response he received was a form for seeking relief under K.S.A. 60-1507 and the explanation that the clerk's office "was unable to assist any further regarding any habeas

3

procedures." *Id.* As Petitioner points out in his response, the attachments to the petition filed in this Court contains an undated, typed message from Veronica Gallegos that states, "The only form our office provides is the 60-1507 packet," which she provided to Petitioner. (Doc. 1-1, p. 76.) The message is not dated, nor does it indicate that Ms. Gallegos is affiliated with the Sedgwick County District Court, but the Court accepts Petitioner's allegations regarding the origin of the message and will take this interaction into consideration. Petitioner also advises that he attempted to mail a Kansas law school in 2024 seeking assistance but the SCADC refused to place his letter into the mail, returning it to Petitioner with a note saying he is only allowed to send mail to his attorney. (Doc. 3, p. 2.)

Petitioner's ability to communicate and seek state habeas relief under K.S.A. 60-1501 appears most relevant to the third circumstance that must be present for *Younger* to require this Court to abstain: "the state proceedings [must] afford [Petitioner] an adequate opportunity to present the federal constitutional challenges." *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). In his response, Petitioner renews his argument that he cannot present his claims in a state habeas proceeding under K.S.A. 60-1501 due to the restrictions imposed on his communications from jail and the vagueness of K.S.A. 60-1501 regarding the procedure for seeking relief thereunder.[1]

Although this Court is troubled by the apparent severity of the restrictions placed on Petitioner's ability to communicate with individuals other than his criminal attorney or that

---

[1] This Court cannot give Petitioner legal advice and it is unaware whether a form exists that a state prisoner must use to file an action under K.S.A. 60-1501. It notes, however, that K.S.A. 60-1502 states:

> The petition shall be verified and state:  (1) the place where the person is restrained and by whom; (2) the cause or pretense of the restraint to the best of plaintiff's knowledge and belief; and (3) why the restraint is wrongful. Individuals in the custody of the secretary of corrections must also include a list of all civil actions, including habeas corpus actions, the inmate has filed, or participated in, in any state court within the last five years.

attorney's investigator, the focus of the third *Younger* circumstance is not whether there are adequate *immediate* opportunities to present the federal constitutional challenges to the state courts. Rather, as noted in the NOSC, the question is whether Petitioner has "the opportunity to present his challenges, including any federal constitutional claims, whether in the district court *or, if necessary, on appeal or in further proceedings*." (Doc. 2, p. 6-7 (emphasis added) (citing *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993)).)

The Court remains unconvinced that Petitioner is completely unable to pursue K.S.A. 60-1501 relief in state court. As demonstrated by the motion to dismiss attached to his federal habeas petition, Petitioner is capable of drafting articulate documents seeking relief in state court, even without a form to guide him. (*See* Doc. 1-1, p. 1-22.) Moreover, the message from the Sedgwick County District Court clerk that was attached to the federal habeas petition, while not providing the information Petitioner desired, demonstrates that Petitioner is able to communicate with the state court.

Thus, it is reasonable to believe that Petitioner has and will have an adequate opportunity to present his federal constitutional challenge to the amount of bail set in his cases via an action seeking habeas relief under K.S.A. 60-1501 in the state district court. *See Smith v. State*, 264 Kan. 348, 355-56 (1998) (holding that in order to preserve for appeal an argument regarding the amount of bail, a criminal defendant must promptly file a writ of habeas corpus and "claim his defense was hampered by his custody status"). If K.S.A. 60-1501 relief is denied, Petitioner may appeal the denial to the state appellate courts. The state courts also provide an adequate opportunity for Petitioner to raise his federal constitutional claims by a motion in his current criminal proceedings or, if he is convicted, on appeal or in post-conviction proceedings. The Tenth Circuit has clearly held that the *Younger* requirement of an adequate opportunity to present in state court the relevant

federal constitutional challenges is usually satisfied "'unless state law clearly bars the interposition of the federal statutory and constitutional claims.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). There is no state law that bars Petitioner from raising his federal constitutional challenges in the state courts, so *Younger* requires this Court to abstain from deciding Petitioner's challenges.

Although the Court understands Petitioner's frustration at the idea of potentially having to pursue the sometimes lengthy appellate process before obtaining relief on his asserted issues, "[t]he fact that the accused may have to stand trial is not 'an irreparable injury,'" although "[i]t is obviously a heavy burden." *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). "[T]he cost, anxiety, and inconvenience" that comes with being criminally prosecuted does not, without the presence of extraordinary circumstances, allow Petitioner to circumvent the mandate against interference in state criminal proceedings set out in *Younger* and *Ex parte Royall*. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975); *See also Winn*, 945 F.3d at 1263 ("[T]the burden of having to endure a trial is not—outside the double-jeopardy context—irreparable injury" that takes a case outside of the *Younger* abstention doctrine.).

Finally, Petitioner explains that he has not sought to compel the State to promptly bring him to trial because the underlying constitutional violations he asserts in his § 2241 petition related to the rights to counsel of choice, due process, and a fair trial are not subject to a harmless error analysis; "the only remedy . . . is to set aside the conviction/prosecution." (Doc. 3, p. 3.) As Petitioner points out, the violation of the Sixth Amendment's right to counsel of choice is a structural error that is not subject to harmless error analysis. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 152 (2006). But a structural error—even the denial of the right to retained counsel of choice—does not necessarily require the dismissal of charges with prejudice or the reversal of a resulting conviction *with no retrial*. *See, e.g., United States v. Gonzalez-Lopez*, 399

F.3d 924, 935 (8th Cir. 2005) (finding violation of Sixth Amendment right to be represented by retained counsel of choice was structural error, vacating the conviction, and "remand[ing] the case for a new trial"), *aff'd* at 548 U.S. 140; *State v. Cantu*, 318 Kan. 759, 760 (2024) (holding that "complete and improper denial of a criminal defendant's constitutional right to testify . . . is structural error," reversing convictions, and remanding for a new trial). The Tenth Circuit has held that "[i]f the constitutional right can be afforded the defendant later . . . there is not sufficient ground to intervene." *Winn*, 945 F.3d at 1263. Thus, because the constitutional errors alleged by Petitioner could be afforded him in a retrial if necessary, the seriousness of the alleged errors do not provide an avenue around the abstention required by *Ex parte Royall* and *Younger*.

In his response, Petitioner also asserts various weaknesses in the State's cases against him, which he argues demonstrate that he is being subjected to malicious prosecution. *Id.* at 3-4. He asserts his "understanding that no doctrine, state law or case law, trumps the constitution." *Id.* at 4. If he is incorrect, Petitioner states, then he "does seek to be brought to trial promptly." *Id.* This supremacy argument is misplaced. Petitioner alleges constitutional violations in his state court criminal prosecution, but he has adequate opportunity to raise those allegations to the state courts. This Court is bound by the abstention doctrines long established by the United States Supreme Court. There is no constitutional conflict apparent in this matter, much less a finding that any doctrine, state law, or other law outweighs the Constitution of the United States.

In summary, the Court has carefully considered the information in the response and construed it liberally due to Petitioner's pro se status. Even doing so, however, the Court maintains its earlier conclusion that none of the circumstances identified in *Ex parte Royall* and all three of the circumstances identified in *Younger* are present here. Because *Younger* abstention is mandatory when all three circumstances are present, the Court concludes that this matter must be dismissed

without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 4th day of August, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
